IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⎯⎯ D.C.
05 DEC 23 PM 4:44
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TENNESSEE

ROGER DEWITT ORMAN and ELIZABETH ORMAN, )
)
Plaintiffs, )
)
v. )
) No. 05-2072 Ma/P
STEVEN R. WYATT, et al., )
)
Defendants. )
)

## ORDER REMANDING CASE TO STATE COURT

Before the court is a motion to dismiss for lack of subject matter jurisdiction filed by Plaintiffs Roger Dewitt Orman and Elizabeth Orman ("the Ormans") on May 27, 2005. The Ormans also request an award of attorney fees under 28 U.S.C. § 1447(c). Wal-Mart Stores, Inc., Associates' Health and Welfare Plan ("Wal-mart") filed a response on July 12, 2005. For the following reasons, the court REMANDS this action to the state court. The Ormans' request for attorney fees is REFERRED to the magistrate judge for determination.

Plaintiff Roger Dewitt Orman ("Orman") was injured in an auto accident when a vehicle driven by Defendant Steven R. Wyatt ("Wyatt") struck Orman's vehicle. (Pls.' Mem. Supp. Mot. Dismiss 1.) The Ormans sued Wyatt and Defendant David Wyatt, the owner

1

of the vehicle, in Tennessee state court for personal injury. (Id., Compl. ¶ 2.) The parties agreed to settle for $90,000. (Pls.' Mem. at 3.)

Wal-mart became involved in the case when it attempted to place a lien on the settlement proceeds. (Wal-mart's Notice of Removal Ex. A.) Following the accident, Orman received medical benefits through Wal-mart in the sum of $53,112.08. (Id.) Wal-mart claims that those benefits were paid for injuries causally related to the accident. (Id.) Under the terms of Wal-mart's Employee Retirement Income Security Act ("ERISA") plan ("the Plan"), Wal-mart is entitled to reimbursement for any medical benefits paid for injuries caused by a third-party tortfeasor if the injured party receives a recovery for those injuries. (Id.)

Wal-mart removed the case to federal court, contending that the case involves federal claims governed by ERISA. Specifically, Wal-mart contends that, by requesting the state court to release the settlement proceeds, the Ormans were initiating a claim for declaratory relief under 29 U.S.C. § 1132(a)(1)(B). Wal-mart, however, was not originally a party to the action, and there is no evidence that Wal-mart filed a motion to intervene as required by Tenn. R. Civ. P. 24.03. Rather, it appears that Wal-mart has styled itself a defendant for purposes of its notice of removal.

Not having been a party to the action in state court, Wal-mart is not a defendant within the meaning of 28 U.S.C. §§ 1441

2

and 1446. See Community Ins. Co. v. Rowe, 85 F. Supp. 2d 800, 809 (S.D. Ohio 1999) (remanding to state court where there was no indication that ERISA plan intervened in state action, other than asserting claim for settlement money); Oalmann v. K-Mart Corp., No. 91-4621, 1992 WL 31345, at *2 (E.D. La. Feb. 10, 1992) (same). The only parties to this case are the Ormans and the Wyatts, who to the court's knowledge are not diverse parties, and the sole cause of action is the Ormans' claim for personal injury under Tennessee tort law. Therefore, this court does not have subject matter jurisdiction over this action.

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Furthermore, the Ormans clarified at a scheduling conference held on June 30, 2005, that their Motion to Dismiss was intended to act as a Motion to Remand. (Wal-mart's Mem. Opp'n Mot. Dismiss 1.) Because dismissal is not the appropriate remedy where the court lacks subject matter jurisdiction over a case that has been removed and because it is not the remedy that the Ormans actually seek, this case is remanded to the state court.

The Ormans also request an award of attorney fees. The court refers this issue to the magistrate judge for a determination. Any exceptions to the magistrate's report shall be made within ten days of the report, setting forth particularly

those portions of the order excepted to and the reasons for the exceptions.

For the foregoing reasons, this case is REMANDED to the state court. The Ormans' request for attorney fees is REFERRED to the magistrate judge for determination.

So ordered this 22nd day of December 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:05-CV-02072 was distributed by fax, mail, or direct printing on December 29, 2005 to the parties listed.

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Reid R. Phillips
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Thomas H. Lawrence
LAWRENCE & RUSSELL
5050 Poplar Ave.
Ste. 1717
Memphis, TN 38157

Jeffrey Jones
JONES LAW FIRM
6540 Stage
Bartlett, TN 38134

Honorable Samuel Mays
US DISTRICT COURT